# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH BERRY,<br>a/k/a JOSEPH BARRY,<br><br>    Plaintiff,<br><br>v.<br><br>SAVANNAH CHATHAM COUNTY<br>METROPOLITAN POLICE<br>DEPARTMENT, PIGGLY WIGGLY,<br>B. H. FREY, CHRISTINA BURNS,<br>M. RODGERS, AMANDA GRAGERT,<br>and LORI INGLE,<br>    Defendants. | Case No. CV408-208 |

## REPORT AND RECOMMENDATION

On December 8, 2008, the Court ordered plaintiff to show cause why his case should not be dismissed for his failure to answer truthfully the question on his civil complaint form which inquired about his prior lawsuits. (Doc. 6.) In his response to that Order, plaintiff states that he simply made a mistake, as he "had a lot of paperwork" in front of him when he completed the complaint and that he "had a lot on [his] mind." (Doc. 7.) Plaintiff's response is not convincing, and the Court finds that he has failed to show just cause for his blatant omission of relevant information. This case, therefore, should be **DISMISSED** without prejudice and should be deemed to qualify as a "strike" for purposes of 28 U.S.C.

§ 1915(g).

Question 1(B) of the standard form complaint requires prisoners to disclose whether they have brought any other federal lawsuits while incarcerated. (Doc. 1 at 2.) Under penalty of perjury, plaintiff indicated that he had not. (Id.) The Court, however, is aware of two federal cases filed by plaintiff that he failed to report. Berry v. Smith, No. CV408-201 (S.D. Ga. filed Oct. 16, 2008); Berry v. Mayes, No. CV408-202 (S.D. Ga. filed Oct. 17, 2008). About a week after filing the present case, Berry filed yet another complaint. Berry v. Savannah Chatham Metro Police Dep't, No. CV408-225 (S.D. Ga. filed Nov. 14, 2008). His rapid-fire case filing shows that Berry was aware of the prior cases, yet determined that it was in his best interest not to list them on his civil complaint form. Accordingly, the Court finds that plaintiff has purposefully attempted to disguise his filing history.

As mentioned in the Court's show cause order, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006). And "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." Id. at 490; see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party

2

misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." Zocaras, 465 F.3d at 490; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).

Based upon plaintiff's dishonesty, this case should be **DISMISSED** without prejudice. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910 (2007); Williams v. Brown, No. CV607-045 (S.D. Ga. Oct. 1, 2008) (complaint dismissed for plaintiff's "clear and persistent pattern of deceit in his court filings"); Gillilan v. Walker, No. CV106-184, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history).

Plaintiff is advised that there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter. This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a "strike" pursuant to § 1915(g)).[1] The next time, plaintiff may face more serious sanctions,

---

[1] In Rivera, the Eleventh Circuit found that a dismissal of a lawsuit for lying "under penalty of perjury about the existence of a prior lawsuit" properly counts as a "strike." 144 F.3d at 731. "[D]ismissal for [such an] abuse of the judicial process is

3

including not only the dismissal of his action with prejudice, but the imposition of monetary penalties that must be paid prior to the filing of any additional suits. Further, in an appropriate case, the Court may refer any deliberate misstatements made under penalty of perjury to the United States Attorney for prosecution as a criminal contempt (or for lying while under oath).[2]

**SO REPORTED AND RECOMMENDED** this 18th day of December, 2008.

/s/ J.E. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

precisely the type of strike that Congress envisioned when drafting section 1915(g)." Id.

[2] In addition to disguising his filing history, Berry's claims fail as a matter of law. He names several private defendants who are not reachable under 42 U.S.C. § 1983, and he names the police department, which has no independent legal existence. The only proper defendant is Officer Rodgers. All of his § 1983 claims against this defendant (for the use of excessive force, false arrest, deliberate indifference to his medical needs, libel, and slander) are time-barred by § 1983's two-year statute of limitations. In addition, his claim of malicious prosecution fails because he has not alleged that this police officer (rather than some prosecutor) was responsible for initiating the formal charges against him, or that those charges were made in bad faith or without probable cause. See Kjellsen v. Mills, 517 F.3d 1232, 1237 (11th Cir. 2008) (§ 1983 claim of malicious prosecution requires that a criminal prosecution be instituted or continued with malice and without probable cause).

4